# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Cr. No. 12-46(1) |
| v. | ) | |
| | ) | |
| CHARLES W. TRELOAR, | ) | |
| | ) | Chief Judge Hornak |
| Defendant | ) | |

## CONSENT MOTION TO MODIFY SUPERVISED RELEASE

COMES NOW, defendant Charles W. Treloar, by and through Patrick M. Livingston and A. Kayleigh Shebs, attorneys at law, and pursuant to 18 U.S.C. 3563(c) and Fed. R. Crim. P., Rule 32.1(c), respectfully moves to modify supervised release in support of which it is averred as follows:

1. On or about August 20, 2012, judgment of sentence was imposed upon Mr. Treloar, which included a lifetime term of supervised release.

2. Mr. Treloar's supervised release includes conditions requiring him to:

   (a) provide the Probation Office with accurate information of his entire computer system and other electronic communication or data storage devices or media to include all passwords used and the name of the internet service providers, and;

   (b) abide by the provisions of the computer restrictions and monitoring program approved by this Court.

3. Mr. Treloar, age 32 as of the date of this filing, is a college graduate who was enrolled in a graduate program at the time he was arrested for the within offense. He began to serve the supervised release portion of his sentence on or about December 1, 2018, at which time he executed the Probation Office's "Computer Restriction and Monitoring Program Rules and Participant Agreement," consistent with the condition in paragraph 2(b), above. The monitoring program rules are attached to the within Motion as Exhibit "A".

4. On or about December 12, 2019, about one year after Mr. Treloar began to serve on supervised release, he was accepted by a major university into an online program in Data Science and Analytics. Upon successful completion of the program, Mr. Treloar will be awarded an M.S. degree in the data science field. The identity of and contact information for the University, as well as specific information about the program, has been provided to Mr. Treloar's probation officer.

5. Under the program, students study a core curriculum, then select one or more courses of study from a group of five different areas of emphasis, before finally completing more individualized seminar and capstone studies. The program starts in fall, 2020, but also includes important preparatory work, beginning in January, 2020.

6. The overall course of study requires the student to possess a computer, and some courses require the student to have access to "cloud" services, and to be able to communicate with other participants in the program (including professors, administrators and other students) by way of social media, or by audio and/or video chat programming. In particular, the latter may require installation of special software or acquisition and use of special hardware to allow Mr. Treloar to use or possess hardware, such as a web cam to facilitate an exchange of video or photographs by way of a live feed or video messaging.

7. Under the Court's current computer restrictions, Mr. Treloar has been permitted to possess only a smart phone, which is necessary for his ongoing employment. See Exhibit A, ¶4 (persons authorized to possess a computer may use only one internet capable device, unless the supervising officer otherwise permits). Mr. Treloar requests modification of the computer access rules so that he can work with his laptop computer to achieve his course of study, in addition to maintaining his smart phone for employment and other purposes. Currently, said laptop is in the custody of the Probation Office.

8. In addition, all three of the technologies referenced in ¶6, above—cloud services, audio and video chat programming and use of web cam or other device to accomplish live video feeds or video messaging—are restricted by the Probation Office's Computer Restriction and Monitoring Program rules, either in that they require consent or approval of the probation officer (see Program Rules, ¶¶13, 14), or are absolutely prohibited (id., ¶¶16, 22).

9. While Mr. Treloar would pursue the program on an online basis, the university requires that students enrolled in Data Science and Analytics to travel to its physical campus for one week each March to attend live programs related to the data science course of study. It is foreseeable that, as part of these live programs, students may be required to use or possess hardware or software different from computer equipment possessed for their online studies. Other students may also be required to use, possess or examine computer equipment belonging to Mr. Treloar. These practices would be intended and designed to further each student's knowledge of the subject matter. Nonetheless, they would be restricted by the Probation Office's Computer Restriction and Monitoring Program rules, in that they, too, require consent or approval of the probation officer (see Program Rules, ¶¶13, 14), or are absolutely prohibited (id., ¶¶16, 22).

10. Defendant respectfully requests that the Court enter an order modifying the condition requiring Mr. Treloar to abide by the provisions of the Court's computer restrictions and monitoring program, in order to enable him to access cloud services, chat and video programming, and to share such computer software and hardware for any and all lawful purposes relating to and in connection with completion of the graduate program to which he has been accepted.

11. The modifications thus sought are critical to Mr. Treloar's overall personal and career development. They would cause no injury to the public interest, in particular because Mr. Treloar does not in any way seek to modify rules authorizing the probation officer to monitor his computer

use, or to install monitoring software on devices he is using. Further, he does not intend to access any content depicting images of minors, and does not intend to obtain assistance from any person associated with the graduate program to gain access to internet content or sites generally, except as is necessary to fulfill class assignment(s) associated with the program.

12. The Probation Office has been consulted with regard to the content of the within motion, and consents to the modification sought herein, By telephone call and electronic mail, the Office represented that government counsel does not object to the modifications. For this reason, the parties respectfully submit that the modifications sought herein are favorable to Mr. Treloar and do not extend the term of supervised release he is required to serve. As such, Rule 32.1(c)(2) does not require a hearing before the modifications are granted.

WHEREFORE, for the reasons set forth above, the parties respectfully request that the Court enter an order modifying the terms of the computer monitor programming rules so that Mr. Treloar may participate in and have the full benefit of the graduate program to which he has been accepted.

Respectfully Submitted,

**/s/Patrick M. Livingston**
Patrick M. Livingston
Pa. I.D. No. 44137
mick@pmlivingston.com


**/s/ A. Kayleigh Shebs**
Anna Kayleigh Shebs
Pa. I.D. No. 312207
kayleigh.shebs@pmlivingston.com

220 Grant Street, Fifth Floor
Pittsburgh, Pennsylvania 15219
(412) 281-9971

Attorneys for Defendant
Charles W. Treloar